Filed 12/3/25  Ghobrial v. Long Beach Memorial Medical Center CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GERGIS R. GHOBRIAL,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>LONG BEACH MEMORIAL MEDICAL CENTER, et al.,<br><br>Defendants and Respondents. | B336888<br><br>(Los Angeles County Super. Ct. No. 20STCV42444) |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory Keosian, Judge.  Affirmed.

Cliff Dean Schneider for Plaintiff and Appellant.

Godes & Preis, Joseph M. Preis, Oliver B. Dreger for Defendant and Respondent Long Beach Memorial Medical Center.

Gordon Rees Scully Mansukhani, Debra Ellwood Meppen, Raymond Gill, and Darryl C. Hottinger for Defendants and Respondents Surgical Affiliates Management Group, Inc., Acute

Care Surgery Medical Group, Inc., Wei Loong G. Koh, M.D., and Lynette A. Scherer, M.D.

---

Plaintiff and appellant Dr. Gergis Ghobrial sued his former employer and related parties for employment-related claims. Defendants and respondents Long Beach Memorial Medical Center, Surgical Affiliates Management Group, Inc., Acute Care Surgery Medical Group, Inc., Dr. Wei Loong Koh, and Dr. Lynette Scherer obtained a preliminary injunction against Dr. Ghobrial enjoining him from contacting patients.[1]  Dr. Ghobrial appeals, contending that the injunction is an unconstitutional prior restraint on speech and overbroad.  We hold that Dr. Ghobrial forfeited his contentions, and we therefore affirm the order.

## BACKGROUND

I.    Dr. Ghobrial's complaint

Dr. Ghobrial, a trauma surgeon, initiated this action in November 2020.  His operative fourth amended complaint alleged causes of action for retaliation for complaints regarding patient safety (Health & Saf. Code, § 1278.5), retaliation for disclosing violations of law (Lab. Code, § 1102.5), harassment on the basis of national origin (Gov. Code, § 12940), wrongful discharge in

---

[1]    Long Beach Memorial Medical Center (Long Beach Memorial), is separately represented on appeal from Surgical Affiliates Management Group, Acute Care Surgery Medical Group (Acute Care), Dr. Koh, and Dr. Scherer.  We refer to them collectively as "defendants."

Memorial Health Services and Desiree Thomas, R.N. were also parties below in whose favor the injunction was entered, but they have not filed respondents' briefs on appeal.

violation of public policy (Bus. & Prof. Code, §§ 510, 2056), intentional infliction of emotional distress, age discrimination (Gov. Code, § 12940), intentional interference with contractual relations, intentional interference with prospective economic advantage and conspiracy to interfere with prospective economic advantage.

Dr. Ghobrial based his causes of action on allegations that defendants had subjected him to harassment and retaliation and created an unsafe environment for patients and employees. In October 2019, for example, the trauma center did not have a functional trauma surgeon, and Dr. Ghobrial was compelled to operate on a child despite not having privileges for that treatment and being double-booked for another operation.

## II. Dr. Ghobrial sends letters to patients

While litigation was pending, Dr. Ghobrial sent letters to defendants' patients and patients' relatives informing them he would be seeking medical records in connection with his lawsuit and making various claims of malpractice against defendants. In one letter, for example, Dr. Ghobrial told a deceased patient's relative that Long Beach Memorial had misused palliative care to coerce families into withdrawing care from patients with treatable conditions and had misrepresented that the patient had a severe brain injury. In another letter, Dr. Ghobrial told Ms. K. that Long Beach Memorial and Acute Care had left her abdomen open for no justifiable medical reason.

## III. Defendants seek injunctive relief

After Dr. Ghobrial refused defendants' request he cease and desist sending letters, defendants moved for a temporary restraining order to enjoin him from communicating with

3

defendants' patients and relatives. Defendants argued that Dr. Ghobrial's conduct posed a likelihood of irreparable harm to them because the letters could impact whether the recipients would seek medical care from defendants, and the letters referenced confidential patient information. Defendants also argued that Dr. Ghobrial would suffer no injury from a restraining order because the medical records were irrelevant to his action, which raised employment-related causes of action. And even if they were relevant, Dr. Ghobrial could seek them via a notice to consumer or employee.

Dr. Ghobrial opposed the application for a restraining order. In his opposition, the doctor argued that the medical records were important to substantiate his claims of patient abuse and illegal conduct. He further argued that his requests for medical records did not violate patient privacy laws or other regulations regarding disclosure or protected health information. He did not argue that the injunction was an unconstitutional prior restraint on speech or was overbroad.

While the matter was under submission, defendants filed a supplemental declaration to inform the trial court that Dr. Ghobrial had expressed an intent to subpoena patients to ask whether they were satisfied with the services provided.

On November 29, 2023, the trial court issued a temporary restraining order enjoining Dr. Ghobrial from communicating with defendants' current or former patients, except by a notice to the consumer or employee as permitted by the Code of Civil Procedure. The trial court scheduled an order to show cause for a preliminary injunction.

Dr. Ghobrial filed a response to the order to show cause in which he argued that injunctive relief would disproportionately

4

harm him because it would impede his ability to communicate with his patients if they asked him for their medical records. He further argued that his actions were lawful under discovery statutes and the Health Insurance Portability and Accountability Act (HIPAA). Finally, Dr. Ghobrial asserted that the injunction was moot because he had no ability to access patient information, "thereby precluding any possibility of communication" with them.

At the hearing on the preliminary injunction, Dr. Ghobrial argued that defendants had failed to show they had a likelihood of success on their claims. Dr. Ghobrial also argued that defendants would not suffer irreparable harm because he had been fired and had no access to medical records. Instead, the records he sought from ten patients were crucial to his case, so granting injunctive relief would compromise his ability to conduct discovery. Accordingly, the harm to the patients outweighed any minimal loss of revenue to defendants.

On January 25, 2024, the trial court issued a preliminary injunction restraining Dr. Ghobrial from communicating by any means with defendants' current or former patients or their family members.[2] However, Dr. Ghobrial could serve a Judicial Council form notice to consumer or employee on the patients or their family members. He could also respond to any patient or family member who initiated communication with him, but the communication was limited in scope to the subject matter of the initial communication and could not include any statements regarding the action or Dr. Ghobrial's claims or allegations. Dr. Ghobrial could seek leave of court "to take a particular action

---

[2] At the trial court's instruction, defendants prepared a proposed order that the trial court signed. Dr. Ghobrial did not file any objections to the proposed order.

that would otherwise violate" the order. The order was to remain in effect until a final judgment was rendered and all appeal rights were exhausted.

## DISCUSSION

Dr. Ghobrial contends that the preliminary injunction was an unconstitutional prior restraint on his speech and overbroad. As we now explain, Dr. Ghobrial has forfeited his contentions because he did not raise them below.

A constitutional right may be forfeited in civil and criminal cases by failing to timely assert the right. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880–881; *California Assn. of Dispensing Opticians v. Pearle Vision Center, Inc.* (1983) 143 Cal.App.3d 419, 430.) The purpose of the forfeiture rule is to encourage parties to bring errors to the trial court's attention so they can be corrected. (*People v. Patton* (2019) 41 Cal.App.5th 934, 946.) Dr. Ghobrial, however, never argued below that the injunction was a prior restraint on his speech or overbroad. He did not raise those issues in his briefs opposing injunctive relief, at the hearing, or by objecting to the proposed order granting the preliminary injunction. Instead, he raises the constitutional issues for the first time on appeal.

Dr. Ghobrial's failure to raise the constitutional issues below is especially problematic where, as here, they are as-applied challenges rather than facial challenges to the alleged restrictions on his speech. A facial challenge to a restraint on speech presents a pure question of law that does not require scrutinizing individual facts and circumstances but instead requires reviewing abstract and generalized legal concepts. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 889.) In a facial challenge to a restriction on speech, "[t]he claim is that a condition cannot have

6

*any* valid application, without relying on any facts" in the record. (*People v. Patton*, *supra*, 41 Cal.App.5th at p. 946.) In contrast to a facial challenge, an as-applied challenge depends on facts in the record and the order as applied to the litigant. (*In re Sheena K.*, at p. 889; *Patton*, at p. 946.) Thus, an as-applied challenge is forfeited if not previously raised. (*Patton*, at p. 946.)

In this case, Dr. Ghobrial's main argument on appeal is the injunction is overbroad because it prevents him from communicating with thousands, perhaps hundreds of thousands, of patients and their relatives. Yet, Dr. Ghobrial also concedes the speculative nature of this estimate. His argument thus hinges on a factual dispute he never developed below or gave defendants the opportunity to address. Indeed, he argued below that the injunction was "moot" because he no longer had access to "past, present or future patients' contact information, thereby precluding any possibility of communication with the Defendants' patients." The trial court accordingly had no occasion to consider the facts and evidence in the context of the constitutional issues. Thus, to the extent we might have discretion to consider his constitutional claim, we decline to do so.

## DISPOSITION

The trial court's order granting a preliminary injunction is affirmed.  Defendants and respondents may recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ADAMS, J.

HANASONO, J.

8